Chancellor Harper
delivered the opinion of the Court.
The Court is of opinion that the decree in this ease must be affirmed. There is no difference of opinion as to the length of time which is necessary to raise the presumption of an ouster by one tenant in common of his co-tenant. It is urged that the possession of the defendant, during the minority of John H. Jenkins, ought to be taken into account in computing the lapse of time, or that it is a circumstance to strengthen the presumption arising from the sixteen years’ possession, after he came of age. I think it has not before been questioned, but that the time during which the party to be affected has been under a disability, must be deducted in computing the lapse of time, in analogy to the statute of limitations. Such was the case of Riddlehoover v. Kinnard (1 Hill’s Ch. Rep. 375), relied upon on the part of defendants. The rights of the parties, who were infants when possession was taken of the property, were saved by the decree. Such was the case of Henry v. Stuart and Means, 2 Hill, 328. The decisions have been numerous and the practice habitual, and I am not aware of any doctrine or decision to the contrary. If it were otherwise, the consequence might follow which was suggested by the plaintiff’s counsel. If the possession were taken in the very early infancy of the other party, the title might be matured before his arriving at age, and before *the statute of limitations had begun to run. So in the case of successive minorities. The evils complained of, L or apprehended from this source, in keeping titles indefinitely suspended, would be effectually remedied by such a construction. But this time might as well be taken directly into account, as to serve for strengthening the presumption arising from a subsequent possession of less than twenty years. The decree is affirmed.
Chancellors De Saussure, Johnson and Johnston, concurred.